IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

KWASI MCKINNEY                                                    PLAINTIFF

v.                                    Civil No. 6:19-CV-06030

TENNILLE GILREATH (Deputy                                        DEFENDANTS
Prosecuting Attorney, Thirteenth Judicial
District) and JOSH Q. HURST (Attorney,
Hurst Law Firm)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action provisionally filed pursuant to 42 U.S.C. § 1983.  Pursuant to

the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United

States District Judge, referred this case to the undersigned for the purpose of making a Report and

Recommendation.

The case is before the Court for preservice screening under the provisions of the Prison

Litigation Reform Act (PLRA).  Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to

screen any complaint in which a prisoner seeks redress from a governmental entity or officer or

employee of a governmental entity.  28 U.S.C. § 1915A(a).

## I.  BACKGROUND

Plaintiff filed his Complaint on March 6, 2019, in the Eastern District of Arkansas.  (ECF

No. 2).  The case was transferred to this District on March 7, 2019.  (EC No. 3).  On March 8,

2019, the Court entered an Order directing Plaintiff to file an Amended Complaint.  (ECF No. 7).

Plaintiff did so on March 14, 2019.  (ECF No. 9).

Plaintiff alleges his constitutional rights were violated by an unlawful property forfeiture

on May 11, 2016.  (*Id*. at 4).  At that time, Plaintiff was a free-world citizen with charges pending.

(*Id*. at 3). Plaintiff alleges Defendant Hurst was hired to represent him in his criminal case 14CR-16-35. (*Id*. at 6).

Plaintiff proceeds against both Defendants in their personal and official capacities. (*Id*. at 4). He seeks compensatory damages, punitive damages, and the return of the seized property. (.i at 9).

## II.  LEGAL STANDARD

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or, (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). Even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III.  ANALYSIS

### A.  Defendant Gilreath

Plaintiff's claims against Defendant Gilreath, a deputy prosecutor, are subject to dismissal. A prosecutor is absolutely immune from suit for any conduct undertaken in his or her role as advocate for the state. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Absolute prosecutorial immunity

2

protects the prosecutor as a key participant in the criminal justice process, such that the prosecutor need not be inhibited from performing his or her functions by a constant fear of retaliation. *Id*. at 428. This is true no matter the underlying motive of the prosecutor or the propriety of the actions taken. *Myers v. Morris*, 810 F.2d. 1437, 1446 (8th Cir. 1987) (finding that allegations that a prosecutor proceeded with a prosecution based on an improper motive did not defeat absolute prosecutorial immunity); *Schenk v. Chavis*, 461 F.3d 1043, 1046 (8th Cir. 2006) ("Actions connected with initiation of prosecution, even if those actions are patently improper are immunized.") (internal quotation omitted).

### B. Forfeiture of Property

Because Plaintiff has adequate post-deprivation remedies to regain his property, his allegations of wrongful forfeiture do not rise to the level of a constitutional violation. *See Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 82 L. Ed. 2d 393 (1984)(intentional deprivation of property does not violate due process when meaningful post-deprivation remedy is available); *Barnett v. Centoni*, 31 F.3d 813 (9th Cir. 1994) (negligent or intentional deprivation of prisoner's property fails to state claim under § 1983 if state has adequate post-deprivation remedy); *Elliot v. Hurst*, 307 Ark. 134, 817 S.W.2d 877, 880 (1991) (cause of action for conversion lies where distinct act of dominion is exerted over property in denial of owner's right).

Accordingly, because Plaintiff could seek redress in Arkansas state courts for his claim of loss property, he has no claim pursuant to § 1983 in this regard.

### IV. CONCLUSION

Accordingly, I recommend that Plaintiff's case be DISMISSED WITHOUT PREJUDICE. The dismissal of this action constitutes a "strike" under 28 U.S.C. § 1915(g). I therefore recommend that the clerk be directed to place a § 1915(g) strike flag on the case.

3

The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.

**DATED** this **7th day of May 2019**.

/s/ *J. Marschewski*

HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE